[Cite as *State v. McCruter*, 2018-Ohio-5331.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-032** |
| MARQUIS E. MCCRUTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2016 CR 000510.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jason Shachner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, Lake County Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Marquis E. McCruter appeals from the judgment entry of the Lake County Court of Common Pleas, based on a jury verdict, sentencing him to six months imprisonment for domestic violence and aggravated menacing. Mr. McCruter contends his convictions are premised on insufficient evidence, and are against the manifest weight of the evidence. Finding no reversible error, we affirm.

{¶2} De'Nay Coates met Mr. McCruter in high school. She got a job as soon as she graduated, and worked her way through Lakeland Community College. Presently, she is a medical assistant for University Hospitals. She and Mr. McCruter briefly dated while working at Chipotle following graduation. Ms. Coates had his daughter, Lola.

{¶3} Mr. McCruter rarely works, and has been sporadic in his child support payments and visitation with his daughter. He has no fixed abode, moving between the homes of relatives and friends.

{¶4} April 30, 2016, Ms. Coates threw a housewarming party to celebrate getting her first apartment with Lola in Willoughby Hills, Lake County, Ohio. The apartment is in the same building as that of one of Mr. McCruter's brothers. All of the invited guests were Ms. Coates' female relatives and friends, including the latter's children. The guests included Monique, the fiancée of Mr. McCruter's brother, and Shonda McCruter, his sister. Ms. Coates testified that Ms. McCruter received a phone call, and stepped out of the apartment to take it. Ms. McCruter returned, and informed Ms. Coates that Monique had arrived, accompanied by Mr. McCruter, who wanted to see Lola. Ms. McCruter gave Ms. Coates her cell phone, and she informed Mr. McCruter he was not welcome.

{¶5} Monique and Mr. McCruter arrived at the apartment, and Ms. Coates opened the door to let Monique in. She again informed Mr. McCruter he was not welcome. He had some money for her, and diapers for Lola. Ms. Coates testified Mr. McCruter stuck his foot in the doorway when she tried to close it. The two began to argue. Mr. McCruter pushed the door open, and threw the diapers into the apartment. Ms. Coates again tried to close the door, but Mr. McCruter blocked her. Ms. Coates attempted to push him out of the apartment again. She testified he then hit her in the face, and

2

pulled her out by her wrist, knocking her down. When she stood up, he pulled out a gun, and told her, "Don't play with me." Ms. McCruter and another guest, Khadija Moore, pulled Ms. Coates back inside. Ms. Coates testified that she waited until Mr. McCruter left the hallway, then called the police.

{¶6} At some point in the fracas, Ms. Coates suffered a cut to her toe. She also had bruising or scratches on her wrist. The police did not record any injury to her face.

{¶7} Shonda McCruter testified for her brother. She stated that Mr. McCruter did not hold the door open with his foot, but that Ms. Coates had it open with her body. She testified she did not see her brother hit Ms. Coates, or pull a gun on her. She stated that Ms. Coates attempted to rush her brother, and that she fell when he moved aside. Ms. McCruter admitted that in her police statement, she related that she heard a click, like that of a gun being cocked. At trial, she testified she did this to please Ms. Coates, who was furious.

{¶8} The Lake County Grand Jury indicted Mr. McCruter on one count of aggravated robbery, in violation of R.C. 2911.11(A)(2); one count of domestic violence, a first degree misdemeanor in violation of R.C. 2919.25(A); and one count of aggravated menacing, a first degree misdemeanor in violation of R.C. 2903.21. Mr. McCruter pleaded not guilty. Jury trial ensued March 6, 2017. The jury found Mr. McCruter not guilty of aggravated robbery, but guilty of domestic violence and aggravated menacing. By a judgment entry filed January 9, 2018, the trial court merged the aggravated menacing conviction into that for domestic violence, for sentencing purposes, and sentenced Mr. McCruter to six months imprisonment, with 12 days of jail time credit. He was further ordered to pay restitution and costs.

3

{¶9} Mr. McCruter timely noticed appeal, assigning two errors. We analyze the second first, finding it dispositive of the appeal. It reads: "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict against the manifest weight of the evidence."

{¶10} In *State v. Brantley*, 11th Dist. Trumbull No. 2017-T-0017, 2017-Ohio-8810, ¶22-23, quoting *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *5, we stated:

{¶11} "'"[M]anifest weight" requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

{¶12} "'"In determining whether the verdict was against the manifest weight of the evidence, '(* * *) the court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'"'" (Citations omitted.) * * *' (Emphasis sic.) (Citations omitted.)"

{¶13} In *Brantley*, at ¶25, we further noted:

{¶14} "Regarding manifest weight, a judgment of a trial court should be reversed "'only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The trier of fact is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967)."

{¶15} R.C. 2919.25(A), "Domestic violence," provides: "(A) No person shall

4

knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2903.21(A), "Aggravated menacing," provides, in pertinent part: "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶16} Mr. McCruter's principal argument in support of this assignment of error is that Ms. Coates' face was not bruised or swollen when the police interviewed and photographed her the evening of the assault. However, such injuries might not manifest immediately. Further, they did find bruises or scratches on her wrist, and a cut on her foot, which support her testimony she tried to keep him from opening the apartment door with her foot, and that he grabbed her wrist when pulling her from the apartment. Further, actual violence directed by him toward her was unnecessary to sustain either conviction – merely an attempt to cause harm, or putting her in fear of harm, was enough. If the jury believed her testimony that he threatened her with a gun, that was enough to sustain the convictions. We will not substitute our judgment of witness credibility for that of the jury.

{¶17} The second assignment of error lacks merit.

{¶18} The first assignment of error reads: "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal pursuant to Crim.R. 29(A)." A Crim.R. 29(A) motion challenges the sufficiency of the evidence – i.e., whether the state has introduced evidence on each element of a crime. *Brantley*, *supra*, at ¶17. However, in *Brantley*, *supra*, at ¶27, we also stated:

{¶19} "'A finding that a judgment is not against the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence.' *Patterson v.*

5

*Godale*, 11th Dist. Lake Nos. 2014–L–034 and 2014–L–042, 2014–Ohio–5615, ¶23, citing *State v. Arcaro*, 11th Dist. Ashtabula No. 2012–A–0028, 2013–Ohio–1842, ¶32 ("'Since there must be sufficient evidence to take a case to the jury, it follows that 'a finding that a conviction is supported by the *weight* of the evidence necessarily must include a finding of sufficiency.''" (Emphasis sic.) (Citations omitted.))

{¶20} Since we have already determined that Mr. McCruter's convictions are not against the manifest weight of the evidence, we further conclude they are sustained by sufficient evidence.

{¶21} This assignment of error lacks merit.

{¶22} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.